IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | § | |
|---|---|---|
| In re: | § | Chapter 7 |
| | § | |
| US LOGISTICS SOLUTIONS INC., | § | Case No. 24-32884 (EVR) |
| | § | |
| Debtor. | § | |

**RYDER TRUCK RENTAL, INC.'S EMERGENCY MOTION FOR
RELIEF FROM THE AUTOMATIC STAY**

**THIS IS A MOTION FOR RELIEF FROM THE AUTOMATIC STAY. IF IT IS GRANTED, THE MOVANT MAY ACT OUTSIDE OF THE BANKRUPTCY PROCESS. IF YOU DO NOT WANT THE STAY LIFTED, IMMEDIATELY CONTACT THE MOVING PARTY TO SETTLE. IF YOU CANNOT SETTLE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY AT LEAST 7 DAYS BEFORE THE HEARING. IF YOU CANNOT SETTLE, YOU MUST ATTEND THE HEARING. EVIDENCE MAY BE OFFERED AT THE HEARING AND THE COURT MAY RULE.**

**REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.**

**EMERGENCY RELIEF HAS BEEN REQUESTED. RELIEF IS REQUESTED NOT LATER THAN JUNE 28, 2024. IF THE COURT CONSIDERS THE MOTION ON AN EMERGENCY BASIS, THEN YOU WILL HAVE LESS THAN 21 DAYS TO ANSWER. IF YOU OBJECT TO THE RELIEF REQUESTED OR IF YOU BELIEVE THAT EMERGENCY CONSIDERATION IS NOT WARRANTED, YOU SHOULD FILE AN IMMEDIATE RESPONSE.**

TO THE HONORABLE EDUARDO V. RODRIGUEZ, CHIEF U.S. BANKRUPTCY JUDGE:

COMES NOW, Ryder Truck Rental, Inc. ("Ryder"), a creditor and party-in-interest in the above named and styled bankruptcy case (the "Bankruptcy Case") of US Logistics Solutions Inc. (the "Debtor"), and files this its *Emergency Motion for Relief from the Automatic Stay* (the "Motion"), and in support thereof would respectfully show the Court as follows:

## I. JURISDICTION & VENUE

1. On June 21, 2024 (the "Petition Date"), the Debtor filed its voluntary petition pursuant to Chapter 7 of Title 11, United States Code (the "Bankruptcy Code"). Randy Williams is the duly appointed Chapter 7 Trustee (the "Trustee") of the Debtor's bankruptcy estate.

2. The Court has jurisdiction over this matter under 28 U.S.C. § 1334. This matter is a core proceeding under 28 U.S.C. § 157(b)(2)(A) & (G). Venue over the Bankruptcy Case and this Motion is appropriate in this District under 28 U.S.C. §§ 1408 and 1409.

## II. FACTUAL & PROCEDURAL BACKGROUND

### A. The TLSA

3. On or about June 14, 2000, Service Express, Inc., predecessor-in-interest to the Debtor, as lessee, entered into a commercial Truck Lease and Service Agreement with Ryder, as lessor. Such Truck Lease and Service Agreement was subsequently amended by the Amendment to Truck Lease and Service Agreement and the Amended and Restated Assumption Agreement (TLSA Transfer) both dated as of April 20, 2022. The Truck Lease and Service Agreement, as amended by the foregoing amendments is referred to herein as the "TLSA". Under the terms of the TLSA Ryder currently leases to the Debtor 280 vehicles (the "Leased Vehicles") owned by Ryder. *See* Exhibit A - Declaration of Mike S. Mandell ("Mandell Decl.") at ¶ 4 & 5. The TLSA is a full service lease, and the Debtor has no equity in the Leased Vehicles. *Id*. at ¶ 5. Ryder is the holder of the certificate of title for and the legal owner of each of the Leased Vehicles. *Id*. The rights of Ryder in the Leased Vehicles are superior to any claims of the Debtor. Mandell Decl. at ¶ 5.

4. On a prepetition basis, the Debtor is in default to Ryder in at least the amount of $615,447.66. Mandell Decl. at ¶ 7.

**B. Pertinent Events in the Bankruptcy Case**

5.   On June 21, 2024, the Debtor filed its voluntary petition under Chapter 7. No Schedules of Assets or Liabilities were filed with the voluntary petition. The Debtor has truck yards across the Southern and Eastern portions of the United States. Ryder's tractors are spread out amongst these geographically distant locations.

6.   On information and belief, at a minimum some of the truck yards are not being secured and monitored and those that may be are being secured or monitored by third parties who have been hired by other creditors or customers of the Debtor.

7.   The Debtor filed this as a Chapter 7 and it does not appear that the Trustee has any funds to pay to secure the truck yards on which the Leased Vehicles sit. The Leased Vehicles are worth millions of dollars. Mandell Decl. at ¶ 9. Accordingly, Ryder's property, the Leased Vehicles, is not adequately protected. Emergency relief is necessary so that Ryder can retrieve and secure the Leased Vehicles.

### III.   ARGUMENTS & AUTHORITIES

8.   Under 11 U.S.C. § 362(d), "[o]n request of a party in interest and after notice and a hearing, the court <u>shall</u> grant relief from the stay … (1) for cause, including the lack of adequate protection of an interest in property of such party in interest, (2) with respect to a stay of an act against property …, if – (A) the debtor does not have an equity in such property; and (B) such property is not necessary to an effective reorganization." 11 U.S.C. § 362(d) (emphasis added). Ryder is entitled to relief from the automatic stay because (i) neither the Debtor nor the Trustee can adequately protect Ryder; (ii) the Debtor has no equity in the Leased Vehicles, and there are no prospects for a successful reorganization as this case was filed under Chapter 7.

9. Ryder owns the Leased Vehicles the subject of the TLSA. *See* Mandell Decl. at ¶ 5. The Debtor is not operating and, on information and belief, Ryder's Leased Vehicles are not secure. Mandell Decl. at ¶ 8.

10. Ryder expressly reserves the right to amend and/or supplement this Motion, including raising any and all new arguments or grounds for relief from the automatic stay via pleading or at any hearing(s) on the Motion.

### IV. WAIVER OF STAY OF ORDER

11. Ryder respectfully requests that the Court waive the fourteen (14) day stay imposed by Bankruptcy Rule of Procedure 4001(a)(3) so that any order entered lifting the stay is immediately effective.

### V. PRAYER

WHEREFORE, PREMISES CONSIDERED, Ryder respectfully requests that the Court enter an order in substantially the form attached hereto as Exhibit B: (i) granting the Motion; (ii) terminating the automatic stay as to the Leased Vehicles and any other personal property that is subject to the TLSA; (iii) directing any party securing any of the premises upon which the Leased Vehicles are located to immediately provide access to Ryder to retrieve the Leased Vehicles; (iv) waiving the stay imposed by Rule 4001(a)(3); and (v) granting Ryder such other and further relief to which it has shown itself justly entitled, at law or in equity.

Dated: June 26, 2024    MUNSCH HARDT KOPF & HARR, P.C.

By: /s/ Deborah M. Perry
Deborah M. Perry
Texas Bar No. 24002755
500 N. Akard Street, Suite 4000
Dallas, Texas 75201-6659
Telephone: (214) 855-7500
Facsimile: (214) 855-7584
E-mail: dperry@munsch.com

*Attorneys for Ryder Truck Rental, Inc.*

### CERTIFICATE OF ACCURACY

I hereby certify that the facts and circumstances described in this pleading giving rise to the emergency request for relief are true and correct to the best of my knowledge, information and belief.

/s/ Deborah M. Perry
Deborah M. Perry

### CERTIFICATE OF CONFERENCE

The undersigned hereby certifies that on the 24th day of June, 2024, she conferred with Randy Williams, Chapter 7 Trustee of the Debtor's bankruptcy estate regarding the relief requested in the Motion and the Trustee indicated that he is not opposed to the Motion being heard on an emergency basis and that he is unlikely to oppose the substantive relief requested in the Motion but requested copies of the TLSA to review. On the morning of the 25th day of June, 2024, I forwarded copies of the TLSA to the Trustee. On the afternoon of the 25th of June, I forwarded drafts of the Motion and proposed order to the Trustee but as of the filing of the Motion I have not heard back from the Trustee with regard to his final position on the relief requested in the Motion.

/s/ Deborah M. Perry
Deborah M. Perry

RYDER TRUCK RENTAL, INC.'S EMERGENCY MOTION FOR RELIEF FROM THE AUTOMATIC STAY – PAGE 5
4872-1138-6315v.2 013984.00044

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on the 26th day of June, 2024, she caused a true and correct copy of the foregoing document to be served (i) via ECF notification on all parties entitled to ECF notification in this Bankruptcy Case, (ii) via email on counsel for the Debtor and on the Trustee, and (iii) via first class mail, postage prepaid on the Debtor at the address listed below:

US Logistics Solutions Inc.
18727 Kenswick Drive
Humble, TX 77338-7905

/s/ Deborah M. Perry
Deborah M. Perry