IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| **In re:** | ) Case Number 24-32884 (EVR) |
| | ) |
| **US Logistics Solutions Inc.,** | ) Chapter 7 |
| | ) |
| *Debtor*. | ) |

**CATO CORPORATION'S AMENDED, UNOPPOSED EMERGENCY
MOTION FOR RELIEF FROM THE AUTOMATIC STAY**

> **THIS IS A MOTION FOR RELIEF FROM THE AUTOMATIC STAY. IF IT IS GRANTED, THE MOVANT MAY ACT OUTSIDE OF THE BANKRUPTCY PROCESS. IF YOU DO NOT WANT THE STAY LIFTED, IMMEDIATELY CONTACT THE MOVING PARTY TO SETTLE. IF YOU CANNOT SETTLE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY AT LEAST 7 DAYS BEFORE THE HEARING. IF YOU CANNOT SETTLE, YOU MUST ATTEND THE HEARING. EVIDENCE MAY BE OFFERED AT THE HEARING AND THE COURT MAY RULE.**
>
> **REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.**
>
> **EMERGENCY RELIEF HAS BEEN REQUESTED. RELIEF IS REQUESTED NOT LATER THAN JULY 8, 2024. IF THE COURT CONSIDERS THE MOTION ON AN EMERGENCY BASIS, THEN YOU WILL HAVE LESS THAN 21 DAYS TO ANSWER. IF YOU OBJECT TO THE RELIEF REQUESTED OR IF YOU BELIEVE THAT EMERGENCY CONSIDERATION IS NOT WARRANTED, YOU SHOULD FILE AN IMMEDIATE RESPONSE.**

CATO Corporation ("CATO"), as a creditor in the above-captioned bankruptcy proceeding, hereby files this *Emergency Amended, Unopposed Motion for Relief from the Automatic Stay* (the "Motion") and asks the court to terminate, annul, modify, or condition the automatic stay pursuant to 11 U.S.C. ("Bankruptcy Code") § 362(d) to the extent necessary for CATO to retrieve its Property (as defined below) in the possession of US Logistics Solutions, Inc. (the "Debtor") and, in support thereof, would respectfully show unto the Court as follows:

**JURISDICTION AND VENUE**

1. On June 21, 2024 (the "Petition Date"), the Debtor filed its voluntary petition pursuant to chapter 7 of the Bankruptcy Code.

2. This Court has jurisdiction over this Motion pursuant to 28 U.S.C. § 1334(b) and Bankruptcy Code § 362(d). This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (G).

3. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

4. Randy W. Williams of Byman & Associates, PLLC (the "Trustee"), has been appointed as the Chapter 7 Trustee in this matter.

**INTRODUCTION**

5. On June 28, CATO filed its original *Emergency Motion for Relief from the Automatic Stay*, Docket No. 27 (the "Original Motion"). Since then, CATO has located additional of its property – clothing and fashion accessories – in the possession of Debtor. This additional property is of the same character (clothing and fashion accessories) as the Property as defined in the Original Motion, and the independent bases for returning this additional property is the same as the Property as defined in the Original Motion.

6. CATO also amends the Original Motion to note that the Chapter 7 Trustee is not opposed to the relief sought herein. Accordingly, "Unopposed" is added to the caption of this amended Motion.

7. A redline between this amended Motion and the Original Motion is attached hereto as Exhibit C.

**FACTS**

8. On July 15, 2014, CATO and Forward Air Solutions, Inc. (n/k/a US Logistics Solutions, Inc.) entered into that certain Carrier Contract Transportation Service Agreement (the "TSA"), governing the Debtor's provision of freight services for CATO, primarily consisting of

storage, handling, and transportation of CATO's clothes and other fashion accessories.[1] Pursuant to the TSA, the Debtor would take possession of cartons from CATO and ship them to various of the Debtor's facilities to be retrieved by CATO.[2]

9.  On March 24, 2021, Forward Air Solutions, Inc., filed a certain Articles of Amendment with the Tennessee Secretary of State, Image No. B0999-7345, changing its name to US Logistics Solutions, Inc.[3]

10. Prior to the Petition Date, the Debtor took possession of certain of CATO's property for storage, handling, and transportation pursuant to the TSA:

   (a) Those certain cartons of CATO's clothing and other fashion accessories stored in Debtor's Indiana Terminal, 8860 Mirabel Rd., Indianapolis, IN 46241, as identified in the manifest attached hereto as Exhibit A-2 (the "Indiana Property");

   (b) Those certain cartons of CATO's clothing and other fashion accessories identified by the marking "CATO" on each carton and stored in Debtor's Michigan Terminal, 1942 McGregor Ave, Ypsilanti, MI 48198 (the "Michigan Property");

   (c) Those certain cartons of CATO's clothing and other fashion accessories as identified in the manifest attached hereto as Exhibit A-3, in transit to CATO's Michigan, Ohio, and Kentucky stores, believed to be on a trailer, trailers, or otherwise stored at the Debtor's Ohio Terminal (2353 Global Dr, Lockbourne, OH 43137) or Michigan Terminal (1942 McGregor Ave, Ypsilanti, MI 48198) (collectively with the Indiana Property and Michigan Property and unless otherwise indicated herein, the "Property").

**ARGUMENTS & AUTHORITIES**

11. Bankruptcy Code § 362(d) provides that upon request of a party in interest and after a hearing,

---

[1] *See* Exhibit A-1 – TSA; Exhibit A – Declaration of CATO Corporation ("CATO Declaration"). All references to Exhibits A-1 through A-2 shall incorporate by reference the CATO Declaration.
[2] CATO Declaration.
[3] *See* Exhibit B – Tennessee Secretary of State Filing Information. CATO respectfully requests that the Court take judicial notice of this publicly available record, available at https://tnbear.tn.gov/Ecommerce/FilingSearch.aspx (search "US Logistics Solutions, Inc."; then select "000553407" (under Control #); then select "History"; then select "Detail" to the right of Articles of Amendment (under Type) 03/24/2021 (under Date) B0999-7345 (under Image #)) (last visited June 26, 2024).

the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay . . .

> (1) for cause, including the lack of adequate protection of an interest in property of such party in interest; [or]
>
> (2) with respect to a stay of an act against property under subsection (a) of this section, if—
>
> > (A) the debtor does not have an equity in such property; and
> >
> > (B) such property is not necessary to an effective reorganization . . . .

In a motion for relief from stay, the burden of proof is on the debtor as to all issues except the issue of the debtor's equity in the property. Bankruptcy Code § 362(g). Here, both of these grounds justify relief from the automatic stay for CATO to retrieve its Property.

### i.    *Cause exists due to the lack of adequate protection.*

12.     "'Adequate protection' is a term of art in bankruptcy practice, defined in 11 U.S.C. § 361 and applied in §§ 362(d) and 363(e); in short, it is a payment, replacement lien, or other relief sufficient to protect the creditor against diminution in the value of his collateral during the bankruptcy." *In re Scopac*, 624 F.3d 274, 278, n. 1 (5th Cir. 2010), *opinion modified on other grounds on denial of reh'g*, 649 F.3d 320 (5th Cir. 2011).

13.     Here, the CATO Declaration establishes that the value of the Property is quickly diminishing.[4] The Property primarily consists of clothing and other textiles that are seasonal and quickly declining in value.[5] For example, clothing is currently being marketed and sold ahead of the U.S. Fourth of July holiday, which clothing will substantially decline in value on July 5, 2024.[6] More broadly, the market for clothing and other fashion accessories such as the Property is very seasonal and a delay as short as days or weeks will cause the value to substantially decline.

---

[4] *See* CATO Declaration.
[5] *Id.*
[6] *Id.*

14.     Upon information and belief, the Debtor is not operating and does not have the means or intention to provide adequate protection to CATO to protect from the diminution of value of CATO's Property.[7] Accordingly, cause exists to grant relief from the automatic stay for CATO to retrieve its Property.

> **ii.    *The Debtor does not have an equity in the Property and the Property is not necessary for an effective reorganization.***

15.     "'Equity' as used in section 362(d) portends the difference between the value of the subject property and the encumbrances against it." *In re Sutton*, 904 F.2d 327, 329 (5th Cir. 1990) (citations omitted). Equity requires an ownership interest. *See* Bankruptcy Code § 101(16) (defining "equity security" as an ownership interest or warrant or right to purchase, sell, or subscribe to an ownership interest).

16.     In the TSA, the Debtor "agree[d] to provide the equipment and trained personnel . . . to receive, safely carry and transport shipments by the [Debtor] and to delivery such goods that are accepted by [CATO] to designated destinations promptly."[8] Under the TSA, the Debtor would receive property from CATO and ship it to a certain destination warehouse or shipping facilities to be received by CATO to be stocked and sold in CATO's wholly owned retail stores.[9] Nothing in the TSA or under applicable law gives the Debtor an equity interest in CATO's Property.

17.     Given that this is a chapter 7 proceeding, the Property is not necessary for an effective reorganization. To the extent the Debtor was trying to reorganize, the Debtor's retaining possession of the Property would not be necessary for an effective reorganization. To the contrary, the relief sought herein would be more likely necessary for an effective reorganization given the Debtor's contractual duties and broad indemnification for late or mishandled shipments under the TSA coupled

---

[7] *Id.*
[8] TSA, § 2(c); *see also id.*, § 6.
[9] *Id.*

with the quickly declining value of the Property. As it stands, the Debtor has no equity interest in the Property and the Property is not necessary for an effective reorganization. Accordingly, the Court should grant relief from the automatic stay for CATO to retrieve its property.

### REQUEST FOR WAIVER OF STAY OF ORDER

18.     CATO respectfully requests that the Court waive the fourteen (14) day stay imposed under Bankruptcy Rule of Civil Procedure 4001(a)(3) to give immediate effect to an order granting relief from the automatic stay.

### CONCLUSION AND PRAYER

For the foregoing reasons, CATO Corporation respectfully requests that this Honorable Court issue an Order (i) granting the Motion; (ii) terminating the automatic stay as to the Property and any other of CATO's personal property that is subject to the TSA; (iii) directing any party securing any of the premises upon which the Property is located to immediately provide access to CATO to retrieve the Property; (iv) waiving the stay imposed by Rule 4001(a)(3); and (v) granting CATO such other and further to which it is justly entitled.

Respectfully submitted,
BRADLEY ARANT BOULT CUMMINGS LLP

By: */s/ Joshua Lesser*
JOSHUA LESSER
Texas Bar No. 24116663
JPMorgan Chase Tower
600 Travis Street, Suite 5600
Houston, Texas 77002
Telephone: (713) 576-0300
Facsimile: (713) 576-0301
Email: jlesser@bradley.com

*Counsel for CATO Corporation*

**Certificate of Conference**

I hereby certify that I conferenced with Aaron Power, counsel for the Chapter 7 Trustee, on July 3, 2024, by telephone and that he indicated that he is unopposed to emergency consideration of the foregoing Motion and that he is not opposed to the stay-relief requested herein.

*/s/ Joshua Lesser*
Joshua Lesser

**Certificate of Service**

I hereby certify that I caused this document to be served (i) via ECF Noticing for all parties registered to receive CM/ECF notifications in this Bankruptcy Proceeding; (ii) via email on counsel for the Debtor, the Trustee, counsel to the Trustee, and all parties requesting notice pursuant to Federal Rule of Bankruptcy Procedure 2002; and (iii) via first-class mail, postage prepaid on the Debtor as identified on the service list attached hereto as Exhibit A.

*/s/ Joshua Lesser*
Joshua Lesser

**Exhibit A**

| | |
|---|---|
| US Logistics Solutions Inc.<br>18727 Kenswick Drive<br>Humble, TX 77338-7905<br><br>***Debtor*** | Richard E. Hettinger<br>Davidson Troilo Ream & Garza, P.C.<br>601 NW Loop 410, Suite 100<br>San Antonio, Texas 78216-5511<br>rhettinger@dtrglaw.com<br><br>***Counsel to Port Authority of San Antonio*** |
| Thomas A Howley Howley Law PLLC<br>700 Louisiana Street Suite 4545<br>Houston, TX 77002<br>tom@howley-law.com<br><br>***Counsel to the Debtor*** | Sherrel K. Knighton<br>Linebarger Goggan Blair & Sampson, LLP<br>2777 N. Stemmons Freeway<br>Suite 1000<br>Dallas, TX 75207<br>dallas.bankruptcy@lgbs.com<br><br>***Counsel to Tarrant County*** |
| Randy W Williams Byman & Associates PLLC<br>7924 Broadway<br>Suite 104<br>Pearland, TX 77581<br>rww@bymanlaw.com<br><br>***Chapter 7 Trustee*** | Susan C. Mathews<br>Baker, Donelson, Bearman, Caldwell & Berkowitz, PC<br>1301 McKinney Street<br>Suite 3700<br>Houston, TX 77010<br>smathews@bakerdonelson.com<br><br>***Counsel to First Horizon Bank*** |
| Aaron J. Power, Esq.<br>Porter Hedges LLP<br>1000 Main Street<br>36th Floor<br>Houston, TX 77003<br>apower@porterhedges.com<br><br>***Counsel to the Chapter 7 Trustee*** | Don Stecker<br>Linebarger Goggan Blair & Sampson, LLP<br>112 E. Pecan Street, Suite 2200<br>San Antonio, TX 78205<br>sanantonio.bankruptcy@lgbs.com<br><br>***Counsel to Bexar County*** |
| Deborah M. Perry Munsch<br>Hardt Kopf & Harr, P.C.<br>500 N. Akard Street, Suite 4000<br>Dallas, Texas 75201-6659<br>dperry@munsch.com<br><br>***Counsel to Ryder Truck Rental, Inc.*** | Addison J. Chappell, Esquire<br>Miles & Stockbridge P.C.<br>100 Light Street, 7th Floor<br>Baltimore, Maryland 21202<br>achappell@milesstockbridge.com<br><br>***Counsel to American Lumper Services LLC*** |

| | |
|---|---|
| Julie A. Walker<br>Miller Mentzer Walker, P.C.<br>P.O. Box 130<br>100 N. Main St.<br>Palmer, Texas 75152<br>jwalker@milmen.com<br><br>**Counsel to MHC Truck Leasing, LLC** | Jarrod B. Martin<br>Chamberlain, Hrdlicka, White, Williams<br>& Aughtry, P.C.<br>1200 Smith Street<br>Suite 1400 Houston, TX 77002<br>Jarrod.Martin@chamberlainlaw.com<br><br>**Counsel for Wesley Kraker Enterprises, Inc. d/b/a Pathmark Transportation** |
| Douglas B. Rosner<br>Taylor Dias<br>Goulston & Storrs PC<br>One Post Office Square<br>25th Floor<br>Boston, MA 02109<br>drosner@goulstonstorrs.com<br>tdias@goulstonstorrs.com<br><br>**Counsel to STAG TX Holdings, LP** | Mille Aponte Sall<br>Assistant U.S. Trustee<br>Office of the U.S. Trustee<br>515 Rusk Street<br>Suite 3516<br>Houston, TX 77002<br>USTP.Region07@usdoj.gov |
| Annette Ramirez<br>Kanika W. Middleton<br>Lauren Jones<br>2520 W.W. Thorne Drive<br>Houston, Texas 77073<br>bnkatty@aldineisd.org<br><br>**Counsel to Aldine Independent School District** | Deana S. Stein<br>Benesch, Friedlander, Coplan & Aronoff LLP<br>127 Public Square<br>Suite 4900<br>Cleveland, Ohio 44114<br>dstein@beneschlaw.com<br><br>**Counsel for Arrive Logistics, LLC** |
| Caleb M. Terrell<br>Padfield & Stout, L.L.P.<br>100 Throckmorton Street,<br>Suite 700<br>Fort Worth, Texas 76102<br>cterrell@padfieldstout.com<br><br>**Counsel to Pawnee Leasing Corporation** | John C. Gentile<br>Benesch, Friedlander, Coplan & Aronoff LLP<br>1313 North Market Street<br>Suite 1201<br>Wilmington, Delaware<br>jgentile@beneschlaw.com<br><br>**Counsel for Arrive Logistics, LLC** |
| Jeannie L. Andresen<br>Linebarger Goggan Blair & Sampson, LLP<br>P.O. Box 3064<br>Houston, TX 77253-3064<br>Houston_Bankruptcy@Lgbs.Com<br><br>**Counsel to Lone Star College System**<br>**City of Houston** | |