**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | |
| US Logistics Solutions Inc., | ) | Case No. 24-32884 (EVR) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| | ) | |

**EMERGENCY MOTION OF CALERES, INC. FOR RELIEF FROM THE AUTOMATIC STAY**

**THIS IS A MOTION FOR RELIEF FROM THE AUTOMATIC STAY. IF IT IS GRANTED, THE MOVANT MAY ACT OUTSIDE OF THE BANKRUPTCY PROCESS. IF YOU DO NOT WANT THE STAY LIFTED, IMMEDIATELY CONTACT THE MOVING PARTY TO SETTLE. IF YOU CANNOT SETTLE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY AT LEAST 7 DAYS BEFORE THE HEARING. IF YOU CANNOT SETTLE, YOU MUST ATTEND THE HEARING. EVIDENCE MAY BE OFFERED AT THE HEARING AND THE COURT MAY RULE.**

**REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.**

**EMERGENCY RELIEF HAS BEEN REQUESTED. RELIEF IS REQUESTED NOT LATER THAN AUGUST 6, 2024. IF THE COURT CONSIDERS THIS MOTION ON AN EMERGENCY BASIS, THEN YOU WILL HAVE LESS THAN 21 DAYS TO ANSWER. IF YOU OBJECT TO THE RELIEF REQUESTED OR IF YOU BELIEVE THAT EMERGENCY CONSIDERATION IS NOT WARRANTED, YOU SHOULD FILE AN IMMEDIATE RESPONSE.**

TO THE HONORABLE EDUARDO V. RODRIGUEZ, CHIEF U.S. BANKRUPTCY JUDGE:

Pursuant to 11 U.S.C. § 362(d)(1), Caleres, Inc. ("Caleres"), hereby requests emergency relief from the automatic stay in order to obtain possession of goods belonging to it and not constituting property of the above-captioned debtor's bankruptcy estate. In support of this emergency motion (the "Motion") Caleres states as follows:

## Jurisdiction

1. The Court has jurisdiction over this matter under 28 U.S.C. § 1334.

2. This matter is a core proceeding under 28 U.S.C. § 157(b)(2)(A) & (G).

3. Venue is proper in this jurisdiction under 28 U.S.C. §§ 1408 and 1409.

## Background

4. On June 21, 2024 (the "Petition Date"), US Logistics Solutions Inc. (the "Debtor") filed a voluntary petition commencing a bankruptcy case under Chapter 7 of Title 11 of the United States Code (the "Bankruptcy Code").

5. Randy W. Williams has been appointed as the Chapter 7 Trustee (the "Trustee") for the bankruptcy estate of the Debtor.

6. Pre-petition, the Debtor operated as a trucking and logistics company that delivered goods to retail store outlets.

7. Caleres is a retailer and direct marketer of footwear products. Pursuant to a Motor Carrier Contract between Caleres (through its wholly owned subsidiary Brown Group Retail, Inc.[1]) and USA Carriers, Inc. dated June 15, 2003, subsequently transferred to US Logistics Solutions on July 31, 2007, the Debtor provided Caleres with logistics and transportation services.

8. Prior to the Petition Date, the Debtor continued to provide logistics and transportation services to the Caleres. When the Debtor abruptly stopped performing services and shut down its operations on or just before the Petition Date, the Debtor was still in possession of numerous goods belonging to Caleres that the Debtor was contractually obligated to deliver to the Caleres's retail locations or otherwise.

9. Prior to or concurrently with the filing of this Motion, Caleres provided the Trustee with extensive documentation detailing the Caleres goods held by the Debtor as of the Petition Date

[1] Brown Group Retail, Inc. has been converted to BG Retail, LLC and is a fully owned subsidiary of Caleres, Inc.

and the last known location of such products. This information has not been attached to this Motion because of security and confidentiality concerns of publicly providing such information. However, a brief summary of the estimated number of shipping containers or boxes held by the Debtor belonging to Caleres and the last known location of such containers or boxes is provided in the Dunn Declaration attached hereto.

**Relief Requested**

10. Caleres seeks relief from the automatic stay pursuant to 11 U.S.C. § 362(d)(1) on an emergency basis to allow it to take possession of its goods as soon as possible, which goods are not assets of the Debtor's bankruptcy estate but are in the Debtor's possession.

**Basis for Relief Requested**

11. The filing of a bankruptcy case automatically effects a stay of, among other actions, "any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate[.]" 11 U.S.C. § 362(a)(3). That stay remains in place until the bankruptcy case is closed or dismissed, or a discharge is granted or denied to the debtor. *See* 11 U.S.C. § 362(c). However, at any earlier time during the bankruptcy case, upon the motion of a party in interest, a bankruptcy court may grant relief from the automatic stay "for cause." See 11 U.S.C. § 362(d)(1).

12. "Cause" for relief from stay under section 362(d) of the Bankruptcy Code is not defined or otherwise described in the Bankruptcy Code and is typically determined on a case-by-case basis. *See Bonneville Power Administration v. Mirant Corp. (In re Mirant Corp.)*, 440 F.3d 238, 251 (5th Cir. 2006) (citing *Little Creek Dev. Co. v. Commonwealth Mortgage Corp. (In re Little Creek Dev. Co.)*, 779 F.2d 1068, 1072 (5th Cir.1986)); *IBM v. Fernstrom Storage & Van Co. (In re Fernstrom Storage & Van Co.)*, 938 F.2d 731, 735 (7th Cir. 1991) (internal quotations and citations omitted).

13. In this case, the goods at issue belong to Caleres and are only in the possession of the now non-operating Debtor. The goods do not constitute property of the estate under section 541(a) of the Bankruptcy Code, but rather the non-operating Debtor merely has a possessory interest in them. For this reason, Caleres should be allowed to access the premises in order to take possession of its goods or otherwise obtain possession of the goods. *See Brown v. Chestnut (In re Chestnut)*, 422 F.3d 298 (5th Cir. 2005) ("Section 362(a)(3) bars any act to obtain possession of property of the estate and, by negative implication, allows 'any act to obtain possession' of property that is *not* 'property of the estate.'").

14. While the automatic stay does not apply to the goods themselves, the automatic stay of 11 U.S.C. § 362(a)(3) also stays ". . . any act to obtain possession . . . of property from the estate" and Caleres has filed this Motion to obtain its goods and access to the Debtor's premises and court permission to remove and take possession of its goods.

15. This relief is needed as soon as possible in part because Caleres is suffering real, sustained losses from its inability to stock shelves with goods at its stores and realize profits from the sale of such goods.

16. Caleres is also at significant risk of further harm that could result from the diminution of value of the goods before Caleres is able to recover them from the Debtor. As described in the Declaration of Glenn Dunn attached hereto, that includes certain footwear and related accessories reflective of current fashion and seasonal trends, which if not sold could diminish in value. *See* Dunn Declaration ¶ 5.

17. Caleres is willing to pay all reasonable costs and expenses of accessing the Debtor's premises, obtaining the goods from the premises, and shipping such goods to the Caleres's retail locations or elsewhere, if necessary to hasten its access to its products. *See* Dunn Declaration ¶ 9.

18. Because the goods Caleres seeks to obtain are not assets of the estate, are essential to

the Caleres's business, and are at risk of spoliation while in the possession of the Debtor, there is sufficient "cause" to grant any relief from the automatic stay that is necessary for Caleres to take possession of its products under section 362(d)(1) of the Bankruptcy Code.

**WHEREFORE,** Caleres, Inc. respectfully requests that this Court enter an order in the proposed form attached hereto: (i) granting this Motion; (ii) providing Caleres, Inc. relief from the automatic stay to take possession of its goods that are being held by or on behalf of the Debtor; (iii) authorizing and directing the Trustee to take any actions necessary to assist Caleres, Inc. in recovering its goods; (iv) directing the trustee to take any and all necessary action to prevent any loss or damage to products belonging to the Caleres, Inc.; and (v) granting such other and further relief as is just and appropriate under the circumstances.

Dated: July 23, 2024

Respectfully submitted,

/s/ Christopher J. Lawhorn
Christopher J. Lawhorn (admission *pro hac vice* pending)
Nathan R. Wallace (admission *pro hac vice* pending)
Carmody MacDonald P.C.
120 S. Central Ave.
St. Louis, MO 63130
Telephone: (314) 854-8600
Facsimile: (314) 854- 8660
Email: cjl@carmodymacdonald.com
Email: nrw@carmodymacdonald.com

*Attorneys for Caleres, Inc.*

## CERTIFICATE OF ACCURACY

I hereby certify that the facts and circumstances described in this pleading giving rise to the emergency request for relief are true and correct to the best of my knowledge, information, and belief.

*/s/ Christopher J. Lawhorn*
Christopher J. Lawhorn

## CERTIFICATE OF ATTEMPT OF CONFERENCE UNDER LBR 4001-1

The undersigned certifies that on the 23rd of July, 2024, the undersigned attorney, Nathan R. Wallace (*pro hac vice* admission pending) attempted to confer with Randy W. Williams, Chapter 7 Trustee (the "Trustee") of the Debtor's bankruptcy estate regarding the relief requested in the Motion. The undersigned attorney provided various information and documentation to the Trustee on July 23, 2024 regarding the inventory currently held by US Logistics. No response has been received.

*/s/ Nathan R. Wallace*
Nathan R. Wallace

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the 23rd of July, 2024, he caused a true and correct copy of the foregoing document to be served (i) via ECF notification on all parties entitled to ECF notification in this Bankruptcy Case, (ii) via email on counsel for the Debtor , the Trustee, parties having requested notice pursuant to Rule 2002 and (iii) via first class mail, postage prepaid on the Debtor at the address listed below:

US Logistics Solutions Inc.
18727 Kenswick Drive
Humble, TX 77338-7905
***Debtor***

Thomas A Howley
Howley Law PLLC
700 Louisiana Street
Suite 4545
Houston, TX 77002
tom@howley-law.com
***Counsel to the Debtor***

Randy W Williams
Byman & Associates PLLC
7924 Broadway
Suite 104
Pearland, TX 77581
rww@bymanlaw.com
***Chapter 7 Trustee***

Deborah M. Perry Munsch
Hardt Kopf & Harr, P.C.
500 N. Akard Street, Suite 4000
Dallas, Texas 75201-6659
dperry@munsch.com
***Counsel to Ryder Truck Rental, Inc.***

Julie A. Walker
Miller Mentzer Walker, P.C.
P.O. Box 130
100 N. Main St.
Palmer, Texas 75152
jwalker@milmen.com
***Counsel to MHC Truck Leasing, LLC***

Douglas B. Rosner
Taylor Dias
Goulston & Storrs PC
One Post Office Square 25th Floor
Boston, MA 02109
drosner@goulstonstorrs.com
tdias@goulstonstorrs.com
***Counsel to STAG TX Holdings, LP***

Annette Ramirez
Kanika W. Middleton
Lauren Jones
2520 W.W. Thorne Drive
Houston, Texas 77073
bnkatty@aldineisd.org
***Counsel to Aldine Independent School District***

Caleb M. Terrell
Padfield & Stout, L.L.P.
100 Throckmorton Street,
Suite 700
Fort Worth, Texas 76102
cterrell@padfieldstout.com
***Counsel to Pawnee Leasing Corporation***

Joshua Lesser
Bradley Arant Boult Cummings LLP
JPMorgan Chase Tower
600 Travis Street
Suite 5600
Houston, Texas 77002
jlesser@bradley.com
***Counsel to Cato Corporation***

Jeannie L. Andresen
Linebarger Goggan Blair & Sampson, LLP
P.O. Box 3064
Houston, TX 77253-3064
Houston_Bankruptcy@Lgbs.com
***Counsel to Lone Star College System City of Houston***

Richard E. Hettinger
Davidson Troilo Ream & Garza, P.C.
601 NW Loop 410, Suite 100
San Antonio, Texas 78216-5511
rhettinger@dtrglaw.com
***Counsel to Port Authority of San Antonio***

Sherrel K. Knighton
Linebarger Goggan Blair & Sampson, LLP
2777 N. Stemmons Freeway
Suite 1000
Dallas, TX 75207
dallas.bankruptcy@lgbs.com
***Counsel to Tarrant County***

Susan C. Mathews
Baker, Donelson, Bearman, Caldwell & Berkowitz, PC
1301 McKinney Street
Suite 3700
Houston, TX 77010
smathews@bakerdonelson.com
***Counsel to First Horizon Bank***

Don Stecker
Linebarger Goggan Blair & Sampson, LLP
112 E. Pecan Street, Suite 2200
San Antonio, TX 78205
sanantonio.bankruptcy@lgbs.com
***Counsel to Bexar County***

Addison J. Chappell, Esquire
Miles & Stockbridge P.C.
100 Light Street, 7th Floor
Baltimore, Maryland 21202
achappell@milesstockbridge.com
***Counsel to American Lumper Services LLC***

*/s/ Nathan R. Wallace*
Nathan R. Wallace